UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Mark Visco and Christopher Watson, individually and on behalf of all other similarly-situated individuals,<br><br>    Plaintiffs,<br>v.<br><br>Aiken County, South Carolina,<br><br>    Defendant. | Civil Action No. 1:11-01428-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court by way of a motion filed by Plaintiffs Mark Visco ("Visco") and Christopher Watson ("Watson") (collectively "Plaintiffs"), seeking to alter or amend an order of the court pursuant to Fed. R. Civ. P. 59(e). (ECF No. 95.) In the order filed on September 26, 2013 (the "September Order"), the court granted summary judgment to Defendant Aiken County, South Carolina ("Defendant" or the "County"), on Plaintiffs' claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, violation of the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2011), breach of contract, and retaliation. (ECF No. 92.) For the reasons stated below, the court **DENIES** Plaintiffs' motion to alter or amend the September Order.

## I. RELEVANT BACKGROUND TO PENDING MOTION[1]

Plaintiffs commenced this action on June 10, 2011, alleging that Defendant had violated the FLSA and the SCPWA, breached its contract with Plaintiffs, and unlawfully retaliated against them. (See ECF No. 1.) The complaint contained specific allegations that Defendant: (1) employed Visco as a firefighter from November 30, 2001 until December 2, 2010; (2) employed

---

[1] The September Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference.

Watson as a firefighter since 2002; (3) was an "employer" for purposes of the FLSA because it was a "public agency"; (4) failed to pay Plaintiffs at the rate of one and a half times their normal rate of pay for all hours worked in excess of forty hours per week as required by the FLSA; (5) made an express contractual promise to Plaintiffs as to the amount of sick, holiday, and annual leave they could earn; (6) promised, but failed to protect employees from retaliation; and (7) retaliated against Plaintiffs for complaining about leave policies.  (Id. at 5-9.)  On July 15, 2011, Defendant answered the complaint, denying Plaintiffs' allegations.  (ECF No. 8.)

On November 22, 2011, Plaintiffs filed eight (8) consent to join ("opt-in") notices on behalf of current or former Emergency Medical Technicians ("EMTs") employed by Defendant. (ECF No. 18.)  Plaintiffs filed a ninth opt-in notice on December 15, 2011, and a tenth opt-in notice on May 9, 2012.  (ECF Nos. 19, 32.)

On October 15, 2012, Plaintiffs filed a motion to amend the complaint to add a claim that Defendant paid bonuses to Plaintiffs, but failed to include the amount of the bonuses in their regular hourly rate for purposes of calculating overtime.  (ECF No. 40.)  After the court granted their motion to amend the complaint on November 1, 2012, Plaintiffs filed an amended complaint on November 5, 2012, and Defendant answered the amended complaint on that same day.  (ECF Nos. 48, 49, 50.)

On January 15, 2013, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 57.)  On that same day, Plaintiffs filed motions seeking conditional collective action certification of their FLSA claims and for authorization to provide notice to putative collective action members, pursuant to 29 U.S.C. § 216(b), in addition to a motion for partial summary judgment on the issue of Defendant's failure to include bonus payments in the determination of Plaintiffs' regular rates of pay.  (ECF Nos. 58, 63.)  On February 15, 2013,

2

Defendant filed opposition to both Plaintiffs' motion for partial summary judgment and their motion for conditional collective action certification, to which Plaintiffs filed a reply in support of conditional collective action certification on February 25, 2013. (ECF Nos. 71, 72, 75.) Plaintiffs filed opposition to Defendant's summary judgment motion on February 16, 2013, to which Defendant filed a reply in support of its motion on February 28, 2013. (ECF Nos. 73, 78.)

Thereafter, on September 26, 2013, the court entered the September Order, granting summary judgment to Defendant, denying Plaintiffs' corresponding motion for partial summary judgment, and denying Plaintiffs' motions for conditional collective action certification and for authorization to provide notice to putative collective action members. (ECF No. 92.) In reaching its decision, the court found that (1) the overtime provisions of the FLSA did not apply to Plaintiffs because Defendant was a public agency that employed less than five (5) individuals engaged in fire protection activities during the time period relevant to this action; (2) Plaintiffs failed to establish a violation of the SCPWA because the evidence did not support a finding that Defendant unjustifiably retained any of Plaintiffs' wages, such as by failing to pay them for the appropriate number of hours of benefit days accrued; (3) policies in Defendant's handbook did not either limit its right to terminate Plaintiffs' employment or alter their at-will status; (4) Watson could not establish a prima facie case of retaliation; and (5) Visco's claim for retaliation failed because he did not present evidence capable of raising a genuine issue of material fact for trial as to whether Defendant's legitimate, non-discriminatory reasons for discharging him and failing to re-hire him were not the true reasons but, instead, were pretexts for retaliation. (Id.) Judgment was entered in favor of Defendant on September 26, 2013. (ECF No. 93.)

On October 24, 2013, Plaintiffs filed the pending motion to alter or amend the September Order, asserting that their motion should be granted because (1) newly submitted payroll records

established that Defendant employed five (5) or more individuals in fire protection activities . . ."; (2) "[t]he Court erred in granting summary judgment as to all Plaintiffs, including those joined as opt-in Plaintiffs . . ."; and (3) "[t]he Court erred in finding that []Defendant was entitled to summary judgment on []Plaintiffs' claims for breach of contract." (ECF No. 95.) Defendant filed opposition to Plaintiffs' motion to alter or amend on November 11, 2013, to which Plaintiffs filed a reply in support of their motion on November 21, 2013. (ECF Nos. 100, 101.)

On January 8, 2014, the court held a hearing on Plaintiffs' motion to alter or amend the September Order. (ECF No. 103.) At the motion hearing, Plaintiffs asserted that they had discovered new evidence in the form of a Sage Mill Fire Station logbook, which evidence established that firefighters and EMTs were interchangeable positions and at least two (2) EMTs spent time working as firefighters. (See ECF No. 105.) Plaintiffs further asserted that the new evidence showed that Defendant employed more than five (5) individuals engaged in fire protection activities during the time period relevant to this action. (Id.) In addition, Plaintiffs asserted that the court committed error in granting summary judgment to Defendant on Plaintiffs' claim for breach of contract and the claims of the opt-ins for violating the FLSA.

## II.    LEGAL STANDARD AND ANALYSIS

A.    <u>Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59</u>

The decision whether to amend or alter a judgment pursuant to Fed. R. Civ. P. 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem.

4

Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012).

"[R]ule [59(e)] permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

*1. New Evidence*

The standard governing relief under Fed. R. Civ. P. 59 on the basis of newly discovered evidence requires a party to demonstrate that: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. Boryan v. United States, 884

F.2d 767, 771 (4th Cir. 1989). Thus, in order to support a motion under Fed. R. Civ. P. 59(e), "the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Bagnal v. Foremost Ins. Grp., C/A No. 2:09-cv-01474-DCN, 2011 WL 1235555, at *4 (D.S.C. Mar. 30, 2011) (citing Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985); Stiers v. Martin, 277 F.2d 737 (4th Cir. 1960)). Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law. Id. (citing Boryan, 884 F.2d at 771). The Fourth Circuit has also held that when advancing a claim of newly discovered evidence, "a party must produce 'a legitimate justification for not presenting' the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996) (quoting RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992))).

*2. Correction of a Clear Error of Law or a Manifest Injustice*

On one hand, clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). On the other hand, manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012) (citations omitted).

B.  The Parties' Arguments Regarding Plaintiffs' Motion to Alter or Amend the September Order (ECF No. 95)

In support of their motion to alter or amend the September Order, Plaintiffs first argue that the court erred in finding that Defendant as a public agency was exempt from the provisions of the FLSA because it employed less than five (5) individuals engaged in fire protection activities during the time period relevant to this action. (Id. at 1.) In support of this argument, Plaintiffs point to payroll records[2] attached to their motion and their new logbook evidence as establishing that Defendant employed either five (5) or six (6) individuals in fire protection activities during the time period relevant to this action. Specifically, Plaintiffs contend that the two of them along with John Brazier, Sr., Kenneth Bellamy, Harley J. Evans[3] ("Evans"), and Travis Parr should all be counted as firefighters in determining the applicability of the FLSA. (Id. at 2; ECF No. 105 at 1, 3.) Therefore, Plaintiffs argue that it was improper for the court to grant summary judgment against them on their claims for violating the FLSA, and their motion for conditional collective action certification. (ECF No. 95 at 3.)

Plaintiffs' second argument in support of their motion to alter or amend the September Order is that the court erred in granting summary judgment to Defendant on the FLSA claims brought by the ten (10) individuals who filed opt-in notices. The basis for this second argument

---

[2] The relevance of the payroll records to Plaintiffs' motion is unclear since they did not argue that the payroll records were newly discovered evidence. Nevertheless, the court reviewed the payroll records and they do not affect the ultimate resolution of this matter.

[3] Specifically, Plaintiffs assert that Evans was employed by Defendant to cover Visco's absence when Visco was out on leave due to a non-work related injury. (ECF No. 95 at 2-3 (referencing payroll records attached as ECF No. 95-2).) Plaintiffs further assert that Evans should be counted "as a firefighter for the period during which he covered Visco's schedule, and therefore should find that Defendant maintained five firefighters, one more than permissible under the FLSA'[s] small department exemption, on its payroll." (ECF No. 101 at 1.)

is that Defendant failed to establish a lack of genuine issue of material fact as to each of the opt-ins' claims to warrant summary judgment. (Id. at 3.) In this regard, Plaintiffs argue that even though the Fourth Circuit has not spoken on this issue, the court should have interpreted 29 U.S.C. § 216 as treating the opt-ins as party plaintiffs, which would require Defendant to show that summary judgment was warranted for each of the opt-ins. Alternatively, Plaintiffs argue that if the court finds that the opt-ins are not parties to this action, they should be allowed to toll that statute of limitations from the date their consents were filed until ten (10) days after the court enters this decision. (ECF No. 95 at 4.)

Plaintiffs' third and final argument in support of their motion to alter or amend the September Order is that the court erred in finding that Defendant did not breach their contract. The third argument is based on Plaintiffs' contention that the handbook contained a number of mandatory benefits terms, which terms were binding on Defendant. (Id. at 4-5.) In this regard, even though Plaintiffs were at will employees, they contend that the mandatory language in the handbook guaranteed that they would receive specified benefits. (ECF No. 101 at 3.) Plaintiffs further argue that to limit these guaranteed benefits, Defendant needed to provide actual notice to Plaintiffs that the handbook's language no longer controlled Plaintiffs' employment relationship with Defendant. (Id.)

Defendant opposes Plaintiffs' motion to alter or amend the September Order, asserting that the motion should be denied because the evidence offered by Plaintiffs is not new and it fails to establish that the County employed more than five (5) individuals in fire protection activities. (ECF No. 100 at 2.) In this regard, Defendant asserts that the court properly applied the FLSA's small department exception because "the County employed no more than four firefighters at any time." (Id. at 3.) Defendant further asserts that Plaintiffs failed to prove a violation of the FLSA

by the County or that there was a breach of contract based on mandatory benefits language in its handbook that altered the at-will nature of Plaintiffs' employment. (Id. at 3-5.) Moreover, the breach of contract claim fails because it is barred by the applicable statute of limitations. (Id. at 5.) Finally, Defendant asserts that the court properly dismissed without prejudice the claims of the ten (10) opt-ins, who were EMTs and not similarly situated to the firefighter Plaintiffs. (ECF No. 100 at 4-5.) Based on the foregoing, and in conjunction with its arguments in support of summary judgment, Defendant contends that Plaintiffs' motion to alter or amend should be denied.

At the motion hearing, Plaintiffs replied to Defendant's statute of limitations argument, arguing that their breach of contract claims were "in the nature of a continuing violation" wherein the employer commits a violation every time employees are not paid pursuant to the terms of their contracts. As to the handbook, Plaintiffs maintained that they were guaranteed mandatory benefits and the employer should not be allowed to "promulgate a set of benefits or wages that look good at their outset but that they can . . . withdraw or change at their leisure and without notice." (Citing Small v. Spring Indus., Inc., 388 S.E.2d 808 (S.C. 1990)).) Finally, Plaintiffs reasserted that Defendant did violate the FLSA by failing to include a non-discretionary bonus in the calculation of Plaintiffs' regular rate of pay.

C.    The Court's Review

Plaintiffs contend that the September Order should be altered or amended as a result of newly discovered evidence presumably unavailable at the time the court issued the September Order. (See ECF Nos. 95, 101.) The newly discovered evidence consists of a Sage Mill Fire Station logbook, which Plaintiffs described as a record of what happens on a daily basis at the station. (ECF No. 105.) At the motion hearing, Plaintiffs revealed that the logbook was in

Watson's locker where it was found when he thought about it after judgment was entered for Defendant. Plaintiffs contend that the logbook establishes that Defendant employed at least five (5) employees engaged in fire protection activities.[4]

Upon review, the court is simply not persuaded that the logbook is newly discovered evidence under Fed. R. Civ. P. 59(e). Plaintiffs admitted their knowledge and possession of the logbook before judgment was entered. Moreover, the authenticity of the logbook's entries is still in question despite the attached affidavit from Watson affirming its validity. (ECF No. 105 at 1.) Furthermore, there is no evidence before the court that the logbook was an official company document that Defendant should have produced during discovery. As such, Plaintiffs have failed to demonstrate due diligence in the discovery of the logbook and its relevance to this litigation. See Boryan, 884 F.2d at 771 (Reasonable diligence is a showing which movant "is obliged" to make.).

Even if the logbook is considered newly discovered evidence, the court is not convinced that the logbook clearly conveys facts to survive summary judgment granted in large part on Plaintiffs' own testimony that Defendant employed less than five (5) employees engaged in fire protection activities.[5] (See ECF No. 57-4 at 19; ECF No. 57-5 at 3.) As such, the court finds that Plaintiffs' arguments regarding the logbook as newly discovered evidence do not warrant granting the relief requested by Plaintiffs in their motion to alter or amend. Accordingly, Plaintiffs' motion to alter or amend the September Order based on newly discovered evidence is denied.

---

[4] At the hearing on their motion, Plaintiffs conceded that there was not any evidence before the court of Defendant employing five (5) or more employees engaged in fire protection activities prior to issuance of the September Order.

[5] Cf. Poe v. Bryant, C/A No. 9:12-3142-RMG, 2013 WL 6158023, at *7 (D.S.C. Nov. 21, 2013) ("It is beyond cavil that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts the affiant's previous deposition testimony.") (internal quotations and citations omitted).

Plaintiffs also argue that there is clear error in the September Order. However, the court is not convinced that it erred in finding that individuals who file opt-in notices are appropriately dismissed without prejudice during collective action certification when they are determined to not be similarly situated to the initial claimants.[6] (ECF No. 92 at 10 (citing Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (Observing that if the claimants and opt-ins are not similarly situated, the court decertifies the collective action, and the claims of the opt-in plaintiffs are dismissed without prejudice.)).) The court is further not convinced that it erred in concluding that Defendant was entitled to summary judgment on Plaintiffs' claim for breach of contract. (Id. at 24 (citing Wadford v. Hartford Fire Ins. Co., C/A No. 3:87–2872-15, 1988 WL 492127, at *5 (D.S.C. 1988)).) In summary, the court finds that Plaintiffs' arguments do not establish clear error thereby requiring the court to alter or amend the September Order. See, e.g., TFWS, Inc. v.

---

[6] In their motion, Plaintiffs state that if the court determines that the ten (10) opt-ins were not parties to the present action, then the court "should toll the statute of limitations" for the opt-ins from the date each consent was filed until ten (10) days after the court's decision on the pending motion to alter or amend the September Order. (ECF No. 95 at 4.) The FLSA prescribes a statute of limitations period of two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In an FLSA collective action, the statute of limitations for each opt-in plaintiff runs from when he or she files written consent with the court electing to join the lawsuit, not when the named plaintiff files the complaint. See 29 U.S.C. § 256(b). However, courts have discretion to equitably toll the limitations period appropriate in two (2) circumstances: (1) the adverse party's misconduct caused the missed deadline, see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), and (2) "extraordinary circumstances beyond the plaintiffs' control made" timely filing impossible. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Plaintiffs have not specified any inequitable circumstances in support of their tolling request. As a result, the court finds that it would be inappropriate to equitably toll the statute of limitations for the opt-ins because that act would usurp the authority to adjudicate any limitations issue of the subsequent court(s) where the opt-ins file their action(s). Plaintiffs have not cited any authority for their request, and this court is unaware of any authority for it to do so. See, e.g., David v. Signal Int'l, LLC, C/A Nos. 08-1220, 12-557, 2013 WL 5740318, at *1 (E.D. La. Oct. 22, 2013) ("[P]laintiffs ask the Court to toll the statute of limitations for the opt-ins to file their FLSA claims in other courts. Plaintiffs' request would require this Court to compel another District Court to toll the statutes of limitations for the moving opt-ins' claims. Plaintiffs have not cited any authority, and this Court cannot find any authority for it to do so.") Therefore, the court denies Plaintiffs' request to toll the statute of limitations for the ten (10) individuals who filed consents to join this lawsuit.

Franchot, 572 F.3d 186, 194 (4th Cir. 2009) ("A prior decision does not qualify for this third exception by being "just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995)); Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) (Under the "clear error" standard, a trial court's decision will not be set aside so long as it is "plausible in light of the record viewed in its entirety."); United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Accordingly, the court denies Plaintiffs' motion to alter or amend the September Order based on a clear error of law.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiffs' motion to alter or amend the court's September 26, 2013 order pursuant to Fed. R. Civ. P. 59(e).  (ECF No. 95.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 30, 2014
Greenville, South Carolina